UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **WILL JILES** | * | **CIVIL ACTION NO. 09-0392** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the court is plaintiff's petition for review of the Commissioner's denial of social security disability benefits. The district court referred the matter to the undersigned United States Magistrate Judge for proposed findings of fact and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons assigned below, it is recommended that plaintiff's petition be **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders. Alternatively, it is recommended that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED** with prejudice.

### Background

On December 16, 2005, Will Jiles filed the instant *pro se* complaint for judicial review of the Commissioner's decision denying his applications for social security disability benefits. (Complaint).[1] Jiles originally filed suit in the United States District Court for the District of Nevada. The suit remained relatively dormant for two years until plaintiff filed a motion to

---

[1] Jiles filed his complaint on a § 1983 Civil Rights Complaint form. *See* Complaint. However, it is clear that he is challenging the Commissioner's denial of his applications for Social Security disability benefits. *Id.*, pg. 4.

transfer the case to this court apparently because plaintiff moved from Las Vegas to Delhi, Louisiana. *See* Dec. 14, 2008, M/Transfer [doc. # 7]. On February 25, 2009, the Nevada court granted plaintiff's motion and transferred the case to this forum.

On May 18, 2009, this court issued a scheduling order which, among other things, afforded plaintiff 60 days from the Commissioner's service of the administrative transcript to file his brief. (May 18, 2009, Scheduling Order [doc. # 13]). The Commissioner filed his answer and a copy of the administrative transcript on May 14, 2009; thus, per the scheduling order, plaintiff's brief was due by July 16, 2009. On July 8, 2009, plaintiff submitted a one page, handwritten document to the Clerk of Court which was filed and docketed as his memorandum brief. [doc. # 14].

On July 9, 2009, the undersigned observed that plaintiff alleged in his complaint that the matter should be remanded because he was not represented by an attorney; his surgeon was "run out of the state" for malpractice; and to consider new evidence. (July 9, 2009, Order [doc. # 15]). The undersigned further remarked, however, that plaintiff's purported "brief" did not incorporate these, or allege any other errors with the ALJ's decision. *Id*. Thus, the brief failed to comply with the court's Scheduling Order. *Id*. The undersigned explained that if plaintiff wished to rely solely on the errors raised in his complaint, then he should so state, and further expound upon them. *Id*.[2] Because plaintiff is acting *pro se*, the court extended his briefing deadline until July

---

[2] Plaintiff was reminded that this court's review is limited to determining whether there is (1) substantial evidence of record to support the Commissioner's determination, and (2) whether the decision comports with relevant legal standards. *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). This court may not reweigh the evidence, try the issues anew, or substitute its judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232 (5th Cir. 1994).

2

24, 2009. *Id*. The order cautioned plaintiff that if he failed to file a brief by that date, then his case may be dismissed for failure to comply with court order(s). Fed.R.Civ.P. 41(b). To date, plaintiff has not filed a response.

## Discussion

a) <u>**Failure to Comply with Court Orders**</u>

Pursuant to the May 18, 2009, Scheduling Order issued in this matter, plaintiff was required to submit a brief that *inter alia*, sets forth "**specific errors** committed at the administrative level which entitle plaintiff to relief." (Scheduling Order [doc. # 13]) (emphasis in original). The order cautioned that "[t]he court will consider only those errors **specifically identified** in the briefs. A general allegation that the ALJ's findings are unsupported by substantial evidence, standing alone, is insufficient to invoke the appellate function of the federal court." *Id*. (emphasis in original). Here, plaintiff filed a "brief" that succinctly recited his medical history, but which failed to identify any specific errors with the ALJ's decision. [doc. # 14]. Despite the court's prompting to correct the deficiency, plaintiff failed to do so.

Federal Rule of Civil Procedure Rule 41(b) authorizes dismissal of claims "[f]or failure of the plaintiff to prosecute or to comply with . . . any order of court . . ." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

At this juncture, the court has afforded plaintiff more than one opportunity to comply

with the court's scheduling order. Although plaintiff is proceeding in proper person, this does not excuse his continued noncompliance with court orders. "'[T]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). The court has already afforded plaintiff more than six months to remedy his deficient brief, but to no avail. Thus, any further opportunity to comply with the court's briefing requirements would prove futile.

**b)** **Argument on the Merits**

Even if the court were to reach the merits of plaintiff's appeal, the record contains substantial evidence to support the Commissioner's determination that Jiles was not disabled during the relevant period. Liberally construing the allegations in plaintiff's complaint as his potential grounds for reversal, plaintiff ostensibly seeks remand because 1) he was not represented by an attorney; 2) his surgeon, "Roman Shalzman," was "run out of the state" for malpractice; and 3) for consideration of new medical evidence. (Compl. [doc. # 3]). The court addresses each argument in turn.

1) Right to Counsel

Although there is no *constitutional* right to counsel at a Social Security hearing, a claimant has a *statutory* right to counsel at a hearing which the Commissioner is obliged to disclose. *Clark v. Schweiker*, 652 F.2d 399, 403 (5th Cir. 1981) (Unit B) (citations omitted). The record demonstrates that Jiles was advised orally and in writing of his right to representation, as well as the possibility of "free" representation. (Tr. 28-31, 78-80). Nevertheless, Jiles opted to proceed with the hearing, without representation. (Tr. 28-31). Under the circumstances, he

4

knowingly and validly waived his right to representation. *See Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003).[3]

    2)    <u>Medical Malpractice</u>

Plaintiff suggests that the state revoked his surgeon, Roman Shalzman's license to practice medicine. However, plaintiff has not supported this argument with any evidence. Even if he had, there is no indication that the Administrative Law Judge ("ALJ") relied upon the findings or opinions of Roman Shalzman in reaching his decision. Thus, plaintiff's argument lacks merit.

    3)    <u>New Evidence</u>

Plaintiff contends that he has new medical evidence dated September 26-27, 2005 and October 21, 2005, which, in part, predates the Appeals Council's October 19, 2005, decision. However, there is no indication that any of this evidence was in the record at the time of the Appeals Council's decision. The court may order such additional evidence to be taken before the Commissioner "only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Pierre v. Sullivan,* 884 F.2d 799, 803 (5th Cir. 1989) (citing 42 U.S.C. § 405(g). To justify remand, the evidence must be "new," and not merely cumulative of what is already in the record. *Id.* (citation omitted). The evidence must also be "material"; *i.e.*, relevant, probative, and likely to have changed the outcome of the Commissioner's determination. *Id.* Finally, the claimant must demonstrate good cause for not having incorporated the new evidence into the

---

[3] Even if plaintiff had not validly waived his right to representation, he still has not established resulting prejudice. *See Castillo, supra*.

administrative record. *Id.* In this case, plaintiff has not adduced the medical evidence that he contends the Commissioner should have considered, nor has he established the limited circumstances that would support remand for consideration of the evidence.

    4)    <u>Substantial Evidence</u>

The instant ALJ determined that during the relevant period, Jiles retained the residual functional capacity for sedentary work.[4] The administrative record contains substantial evidence, although by no means uniform,[5] to support his finding that plaintiff is able to perform the essential demands of sedentary work. *See e.g.*, Tr. 325-334.[6] The ALJ then properly relied upon the Medical-Vocational Guidelines at Step Five of the sequential evaluation process to conclude that plaintiff was not disabled. (Tr. 22-24); 20 C.F.R. §§ 404.1563, 404.1569, 416.963, 416.969;

---

[4] Sedentary work entails:
> . . . lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 404.1567(a).

[5] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[6] To the extent that plaintiff may be restricted in his ability to perform postural activities such as climbing ladders, ropes, or scaffolds; balancing; kneeling; crouching; or crawling, such limitations would not significantly erode the occupational base for the full range of sedentary work. SSR 96-9p. Even if plaintiff needed an assistive device for prolonged ambulation or to walk over rough terrain, this would not ordinarily erode the sedentary occupational base. *Id*. Similarly, the need to avoid all exposure to hazardous machinery and heights does not significantly compromise the occupational base for sedentary work. *Id*. Moreover, although the consultative physician indicated that Jiles needed to periodically alternate sitting and standing, Tr. 332, the ALJ discounted this limitation because it was not supported by the examination findings or other medical records. (Tr. 20, n1); *see Greenspan v. Shalala*, 38 F.3d at 237 (the ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly.").

Rule 201.27, Table 2, Appendix 2, Subpart P, Regulations No. 4.[7]

Accordingly, the undersigned finds that the Commissioner's decision is supported by substantial evidence and remains free of legal error.

For the above-assigned reasons,

**IT IS RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) for failure to comply with court orders.

**IT IS ALTERNATIVELY RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**, and this matter **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR,**

---

[7] Non-exertional impairments that do not significantly impact the occupational base for sedentary work do not undermine the Commissioner' Step Five determination. *See*, *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987) (citations omitted) (when a claimant's non-exertional impairments do not significantly affect her residual functional capacity, the ALJ may rely exclusively on the Guidelines); s*ee also*, *Crowley v. Apfel*, 197 F.3d 194, 199 (5th Cir. 1999); *Selders v. Sullivan*, 914 F.2d 614, 618-619 (5th Cir. 1990).

7

**FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 26th day of January 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE