RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 3/11/10
BY DD

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| WILL JILES | CIVIL ACTION NO. 09-0392 |
| VERSUS | JUDGE ROBERT G. JAMES |
| MICHAEL J. ASTRUE, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | MAG. JUDGE KAREN L. HAYES |

### MEMORANDUM RULING

Pending before the Court is the Report and Recommendation of Magistrate Judge Hayes [Doc. No. 16], recommending that the Court dismiss Plaintiff's complaint with prejudice under Federal Rule of Civil Procedure 41(b), or, in the alternative, on the merits. The Court ADOPTS the factual statements contained in the Report and Recommendation and the recommendation that the Court dismiss this case with prejudice under Rule 41(b), but based on the following analysis. The Court DECLINES TO ADOPT the Magistrate Judge's alternative recommendation that the matter be dismissed on the merits.

Plaintiff, who is proceeding *pro se*, appeals a decision by an Administrative Law Judge ("ALJ") denying him social security benefits. His brief [Doc. No. 14], however, did not allege specific errors in the ALJ's decision, as required by the Court's May 18, 2009 Scheduling Order [Doc. No. 13]. In a July 9, 2009 Order [Doc. No. 15], the Magistrate Judge gave Plaintiff fifteen (15) days to remedy his deficient brief, but he never did so. The Magistrate Judge entered this Report and Recommendation on January 26, 2010, six months later, during which time Plaintiff did not contact the Court.

On February 5, 2010, Plaintiff filed a Motion for Extension of Time [Doc. No. 17] to file objections to the Report and Recommendation. Plaintiff stated that he was incarcerated on May

23, 2009. Plaintiff's Motion for Extension of Time was granted and his deadline was extended to February 26, 2010 [Doc. No. 18]. To date, however, Plaintiff has not filed any objections to the Report and Recommendation or any other pleadings.

Federal Rule of Civil Procedure Rule 41(b) permits the dismissal of an action for failure to comply with a court order. *See* FED. R. CIV. P. 41(b). However, a dismissal with prejudice is "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). The United States Court of Appeals for the Fifth Circuit has stated that a dismissal with prejudice is appropriate only when "(1) there is a clear record of delay or contumacious conduct by the plaintiff, . . . (2) the . . . court has expressly determined that lesser sanctions would not prompt diligent prosecution, or [(3)] the record shows that the district court employed lesser sanctions that proved to be futile." *Id.*

Plaintiff's six-month silence following the Magistrate's July 9, 2009 Order is a "significant period of total inactivity" that, together with his failure to file objections to the Report and Recommendation after being granted additional time, indicates a clear record of delay by Plaintiff. *Morris v. Ocean Systems*, 730 F.2d 248, 252 (5th Cir.1984). Plaintiff has been given ample opportunity to file a proper brief in this case, or to explain why he has not. For this reason, the Court DISMISSES his complaint with prejudice under Rule 41(b).

For these reasons, Plaintiff's complaint is DISMISSED WITH PREJUDICE for failure to comply with Court orders under Federal Rule of Civil Procedure 41(b).

MONROE, LOUISIANA, this 11 day of March, 2010.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE